**FILED**

DEC 2 8 2005

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN HAROLD SHAKESPEARE,<br><br>  Plaintiff,<br><br>vs.<br><br>CITY and BOROUGH of JUNEAU, et al.,<br><br>  Defendants. | Case No. J05-0015 CV (JWS)<br><br><br>ORDER TO SHOW CAUSE |

John Harold Shakespeare, representing himself, has filed a civil rights complaint under 42 U.S.C. § 1983, claiming that defendants have violated his constitutional rights by conducting a warrantless entry into his home over his objections, through the use of force and deceit, which resulted in the suppression of evidence at his criminal trial.[1] Mr. Shakespeare has also filed an application to waive the $250.00 filing fee in this case. Therefore, the Court must screen Mr.

---

[1] See Docket No. 2, and attached answer of City and Borough of Juneau in Case No. 1JU-05-0632 CI.

T:\Orders.05\1983\shakespeare sc.wpd

4

Shakespeare's complaint, and must dismiss if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[2] As explained by the Fourth Circuit Court of Appeals, "screen[ing] out meritless cases" is necessary to prevent the abuse of "free access to the courts."[3]

In conducting its review, the Court is mindful that it must liberally construe a self-represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[4] Before a court may dismiss Mr. Shakespeare's complaint for failure to state a claim upon which relief may be granted, the Court must provide him with a statement of

---

[2] 28 U.S.C. § 1915(e)(2)(B); see also Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ("the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners," and subsection (iii) requires "dismissal of in forma pauperis proceedings that seek monetary relief against immune defendants"); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir.1998) (quoting Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369 (9th Cir. 1987) (deny leave waive the filing fee "at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit").

[3] See Nasim v. Warden, Maryland House of Correction, 64 F.3d 951, 953 (4th Cir. 1995) (en banc), cert. denied, 116 S.Ct. 1273 (1996), following Neitzke v. Williams, 490 U.S. 319, 324-328 (1989).

[4] See Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) ("Under § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff. ... Additionally, in general, courts must construe pro se pleadings liberally."); Frost v. Symington, 197 F.3d 348, 352 (9th Cir. 1999) (self-represented prisoner's claims must be liberally construed, and given the benefit of any doubt); Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

the deficiencies in the complaint and an opportunity to amend, unless it is clear that amendment would be futile.[5]

As a federal court, this Court is a court of limited, as opposed to general, jurisdiction; it has authority to hear only specified classes of cases. It is Mr. Shakespeare's burden, as the plaintiff, to show that this Court has jurisdiction to hear the claims.[6] "To sustain a claim under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right."[7] As explained by the United States Supreme Court, Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred."[8]

---

[5] See *Schmier v. U.S. Court of Appeals for Ninth Circuit*, 279 F.3d 817, 824 (9th Cir. 2002) ("Futility of amendment ... frequently means that 'it was not factually possible for [plaintiff] to amend the complaint so as to satisfy the standing requirement.'") (citations excluded); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987); see also *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003) ("dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir.1996)"); *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) ("Dismissal without leave to amend is proper only in 'extraordinary' cases.") (citation omitted).

[6] See *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994); *Hunter v. Kalt*, 66 F.3d 1002, 1005 (9th Cir. 1995).

[7] *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (citations omitted).

[8] *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)

This Court is not a court of appeals for state court decisions.[9]  That is, Mr. Shakespeare cannot appeal an adverse state court decision to this Court.

## Abstention

Mr. Shakespears states that he has a state court action pending, which appears to involve the same issues and the same parties as in his current complaint before this Court.[10] The *Younger* abstention doctrine[11] provides that federal courts may not generally exercise jurisdiction when doing so would interfere with state judicial proceedings.[12] "Absent 'extraordinary circumstances', abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims."[13]

---

[9] See *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir. 1986) (citing, inter alia, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 476 (1983)) (a United States district court "has no authority to review the final determinations of a state court in judicial proceedings," even where the challenge to the state court decision involves federal constitutional issues)); *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001) ("As courts of original jurisdiction ... federal district courts lack jurisdiction to review the final determinations of a state court in judicial proceedings.").

[10] See Docket No. 2 at 6.

[11] *Younger v. Harris*, 401 U.S. 37 (1971).

[12] See *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).

[13] *Canatella v. California*, 404 F.3d 1106, 1109-10 (9th Cir. 2005) (quoting *Hirsh v. Justices of the Supreme Court of California*, 67 F.3d 708, 712 (9th Cir. 1995) (per curiam), citing *Middlesex*, 457 U.S. at 432, 437).

The Court of Appeals for the Ninth Circuit has stated: "When an injunction is sought and *Younger* applies, it makes sense to abstain, that is, to refrain from exercising jurisdiction, *permanently* by dismissing the federal action because the federal court is only being asked to stop the state proceeding.... But when damages are sought and *Younger* principles apply, it makes sense for the federal court to refrain from exercising jurisdiction *temporarily* by staying its hand until such time as the state proceeding is no longer pending."[14] In his federal complaint, Mr. Shakespeare has requested both monetary and injunctive relief.[15]

## Show Cause

Mr. Shakespeare will be given an opportunity to explain whether this Court should abstain, either permanently or temporarily, from exercising jurisdiction in this case, until the completion of his state court case. Mr. Shakespeare has already attached a copy of the defendants' answer to his state complaint in this case. Along with his response, Mr. Shakespeare should attach a copy of his most recent state court complaint (if more than one) to his response. He should also attach a copy of any dispositive motions (such as a motion to dismiss or a motion for summary judgment), and any responses to those motions. Mr. Shakespeare should explain how that state case differs, if at all, from the case he filed in this court, including what

---

[14] *Id.* at 1111 (citing *Gilbertson v. Albright*, 381 F.3d 965, 981 (9th Cir. 2004)).

[15] *See* Docket No. 2 at 7.

specific relief he seeks from the two courts. If possible, he should attach a copy of the state court docket to his response.

**IT IS HEREBY ORDERED** that:

1. Mr. Shakespeare will be permitted to show, on or before **January 27, 2006**, why this Court should not abstain from deciding this case, either permanently, or temporarily, while his state court case is being litigated, as explained above.

2. The Clerk of Court is directed to send a copy of this Court's form PS07, Response to Order to Show Cause, to Mr. Shakespeare with a copy of this Order.

3. In the alternative, Mr. Shakespeare may file the enclosed notice of voluntary dismissal, without prejudice, on or before **January 27, 2006**.

4. The Clerk of Court is directed to send form PS09, Notice of Voluntary Dismissal, to Mr. Shakespeare with this Order.

5. Mr. Shakespeare must provide the Court with the original, plus one complete and legible copy, of every paper he submits for filing, as required by this Court's Local Rule 10.1(b).

6. No further action will be taken on the pending application to waive the filing fee, at docket number 1, or the application for appointment of counsel, at docket number 3, until Mr. Shakespeare fully complies with this Order.

7. The Clerk of Court is directed to send a copy of our *pro se* handbook, "Representing Yourself in Alaska's Federal Court," to Mr. Shakespeare with this Order.

DATED this 27th day of December, 2005, at Anchorage, Alaska.

JOHN W. SEDWICK
United States District Judge

```
J05-0015--CV (JWS)  12-28-05
-------------------------------------------------
/ J. SHAKESPEARE
  w/cy PS07, PS09 & Pro Se Handbook
/ PSLC
```