IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JOHN H. SHAKESPEARE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY & BOROUGH OF JUNEAU,<br>et al.,<br><br>    Defendants. | Case No. 1:05-cv-00015-JWS<br><br><u>ORDER REGARDING<br>APPOINTMENT OF COUNSEL</u> |

    John H. Shakespeare, representing himself and proceeding without payment of fees, has filed a civil rights complaint, as well as an application for appointment of counsel.[1] Although there is a right to counsel at public expense in criminal cases, that right does not extend to civil cases. The Court may not compel an attorney to assist an indigent litigant without pay.[2] In addition, the Court has no funds to pay

---

[1] *See* Docket Nos. 2, 3.

[2] *See Mallard v. United States District Court*, 490 U.S. 296, 300-308 (1989).

attorneys in civil cases. The Court may, however, <u>request</u> that a private attorney represent an indigent litigant.[3]

The Ninth Circuit Court of Appeals, following the United States Supreme Court, has explained that the exercise of that discretion is guided by several factors: The Court must determine that the plaintiff (1) cannot afford counsel; (2) has made reasonable attempts to find counsel without success; and (3) has at least a possibility of success on the merits.[4] Finally, the Court must determine whether the claim is so factually and legally complex that the plaintiff needs counsel to articulate his or her claims.[5]

Generally, where an indigent party brings an arguably meritorious action, the action is complicated, and the party requests counsel, the Court will refer the matter to Volunteer Attorney Support at Alaska Legal Services Corporation (ALSC). The agreement with ALSC requires that the Court pre-screen complaints to ensure that the Court has jurisdiction and that the complaint at least states a cause of action.[6] With this in mind, the Court has reviewed Mr. Shakespeare's complaint. In conducting its review, the Court is mindful that it must liberally construe a self-

---

[3] *See Mallard*, 490 U.S. at 301-02.

[4] *See Bounds v. Smith*, 430 U.S. 817 (1977); *Ivey v. Board of Regents Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982); *Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

[5] *See Terrell v. Brewer*, 935 F.2d 1015 (9th Cir. 1991).

[6] *See also* 28 U.S.C. § 1915(e)(2)(B).

represented plaintiff's pleadings and give the plaintiff the benefit of any doubt.[7] Having reviewed the materials filed by Mr. Shakespeare in this action, the Court concludes that he arguably alleges a meritorious cause of action, in which counsel would be helpful.  Therefore, the Court will refer the matter to ALSC.[8]

**IT IS HEREBY ORDERED:**

1. Mr. Shakespeare's application for assistance in securing counsel, at docket number 3, is GRANTED; and

2. The Clerk of Court shall send copies of the docket and record to Erick Cordero at Volunteer Attorney Support, Alaska Legal Services Corporation, 1016 West Sixth Avenue, Anchorage, Alaska 99501.  Mr. Cordero is requested to find a volunteer attorney to represent Mr. Shakespeare, and to notify the Court and Mr. Shakespeare when, and if, counsel is secured.

DATED this28th day day of February, 2006, at Anchorage, Alaska.

/s/JOHN W. SEDWICK
United States District Judge

---

[7] See *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999); *Ortez v. Washington County*, 88 F.3d 804, 807 (9th Cir. 1996).

[8] Although ALSC will make a reasonable attempt to find a volunteer attorney, there is no guarantee of counsel through the Program.